Good afternoon, Your Honors. I'm going to attempt to reserve approximately 3 minutes for rebuttal, if I manage that. When I first accepted this appointment, I thought what a narrow set of unique issues for this particular appellant. And until I started researching it, both before and after the briefs were filed, I realized that this is not an uncommon area of litigation. The speedy trial issues in these SVP cases in California not only have been litigated in Federal court, but in State court, much more than I ever imagined. And I can only attribute that to the procedural complexity of these cases, the detailed factual underpinnings upon which the evidence ultimately is based, and the problematic, if I may say so, constitutionality of many of the issues that have been litigated over the years in both courts. I just say that as a preface, because it does appear to be a less narrow set of issues than I first imagined. I'm not certain exactly what you're interested in my addressing, and I apologize for a couple of mistakes in my Rule 28J letter. But I'm going to focus on, unless there's other things of interest, on two areas which I think are of importance. One is the issue of prejudice, both with regard to it being a reason for, to excuse a cause for any alleged procedural default, and substantively, because ultimately prejudice is actually the same when it's a substantive issue or as a matter of excuse for any default when you get right down to it. And the second area would be the timeliness issue as a grounds, whether it's adequate or not. It seems to me that the important questions are this. You, as I understand it, your client, at least as he originally filed his petition, was seeking to be released. Is that right? Well, as a layperson, that's the way he phrased it. He was seeking, obviously, a trial ultimately. I think he probably phrased it in such a manner as to be construed as a doubtful case. Now, let's back up. What are we now seeking? What are you seeking? Doesn't much of the viability of this case turn on what relief you are seeking and what relief are you seeking? Well, at this point, he is seeking any relief the Court's willing to grant him, given the fact he's been sitting there for 10 years without a trial. Obviously, it may depend on the issue of prejudice to some degree, and I can proceed to that in some respect. I think when we talk about prejudice, and I cite this Landau case, a State case for a reason. There, the appellant at State court raised the issue of unreasonable delay, even though he had two or three trials and the issues were fully litigated. And the Court, in denying him relief, actually went through the whole history and said he had a full trial and all these issues of what prejudice of any was alleged were already before the Court in the record. Here we have a situation of a man sitting in custody for going on 15 years now who essentially, we don't know what prejudice he would have served. And the State of California case. Suppose the only available relief was half a trial. Well, that's better than nothing. But the point is here, I don't think it can be underestimated. Two answers to that. One is it can't be underestimated how damaging it is to a party in an SBB case to be locked up for so many years and then try to litigate the jury not a danger when you have nothing to base it on except being in a hospital for all those years. State of California calls that speculative. I don't believe that's speculative at all. It's just common sense that you cannot bring in lay witnesses, you cannot produce an adequate defense when all you have is 15 years of hospitalization to talk about. And I think in the Supreme Court in Barker v. Wingo talks about the issue of prejudice, which I think the Court should keep in mind. They talk about such things as the oppressive pretrial confinement, anxiety, the impairment of the person's defense in an abstract way. It's very hard to articulate a set of prejudice when you don't have actual trial record upon which to base the prejudice. So the basis for the refusal to act now were a younger theory, a younger reason. And what else? What did the district court hold? I'm sorry. What did the district court hold? Well, the district court held, first of all, that the abstention documents were to apply. Right. And I think that I wasn't even going to address that because, frankly, I really think that is one of the strongest arguments Appellon has. He's not seeking to enjoin an ongoing State proceeding. He wants to get something going. Yeah, but there's something going. He wants the Federal court to do it, not the State court. He tries. So young – well, I know, but he can't under younger. Younger is quite clear on that. I don't know why you would pass over younger. I think it's one of the strong points that you've got to overcome in this case. Well, there is an opinion, obviously, I cannot cite, in which that issue has been addressed in this circuit. And the reasoning of that case I think you should keep in mind. I have read the case. Why do you think that applies? Well, because he's not trying to seek a permanent relief from an ongoing trial. He's trying to get the trial going. There's nothing to have the State court abstain. He's trying to get some intervention by the Federal courts to seek the remedy that is not – that's being denied him, and that is something that he can't do. He's not trying to get the Federal court to hold the commitment hearing. He's not trying to get the Federal court to hold the commitment hearing. To hold the commitment hearing, no. To hold the commitment hearing. No, no, of course not. He – the commitment hearing has to be held, of course, in the State court. But all these delays, repeated delays, again, are endemic in this SVP system. All I can say is I hate to use other cases to show this is not a unique situation, but it can't be just coincidence. It doesn't matter. Isn't there a younger exception for the circumstance in which the State court does not provide a remedy? And when you have a delay of this kind, essentially, the only issue is the delay itself as an indication of whether a remedy is provided. I think that that's correct. Could he file a State habeas? He did file a State habeas. And it was said that without a hearing, relying on some docket sheets, ambiguous docket sheets with no evidence, that it was his fault that he didn't ask for a trial or he conceded the continuance of his co-counsel. The facts are not that much different than in other situations where the procedural complexity of the case and the fact that the State courts are treating these SVP cases as civil commitments, that these endemic delays are occurring. And, again, as I said earlier, it's the case that the State court does not provide a remedy. Roberts, what did you say the State court did? I didn't quite. How did they decide the case, the State court and the State habeas? Essentially, the State court said, number one, that it was time-barred because he waited too long, which I believe is not a meritorious position because Based on what case? Well, they're basing it on, I think, Clark and the fact that the State court Did he appeal that? Did you appeal that? Well, I didn't represent him at the time, but he didn't appeal. He went to the Supreme Court and then filed his Federal habeas as a result of the exhaustive trial. It doesn't make very much sense because the whole point is delay. So how could it – I mean, more delay means it's more meritorious, not less meritorious. Well, I mean, at some point, when does delay become an issue? I mean, that's the question. I mean, you can only wait – if you proceed too quickly, then you don't have an argument that you're being unduly delayed. If you delay too much, then the argument comes about that you've delayed too much. So it's kind of a dilemma, and I think that's also addressed in Barker v. Wingo when they talk about it's impossible to determine with precision when the right has been denied. That's from Barker v. Wingo itself. I don't understand. You keep talking about delay, prejudice. Are you talking about extraordinary circumstances argument? I don't know where all this fits in. Well, I'm talking about prejudice in the sense of it being an excuse for any procedural default, if there was any at all, which I don't believe there is, because I don't believe that the Department of Justice has an excuse for it. But I think that the issue of prejudice is pertinent.   Okay. So if you say with younger, where does it fit under younger? Well, I don't believe the issue of prejudice is pertinent there. I believe the issue there is, is there a State proceeding that would fit under younger? Okay. You moved over to the second issue. Right. I'm sorry. I missed that. Okay. Thank you. So, again, I think the issue of prejudice from the any alleged – well, let me jump to the alleged default, because I think maybe it interests, it may not be. The argument here is that he waited too long, and under the Clark decision in California, that is a grounds for denying the habeas because it's an untimely petition. Here we have a situation where the appellant is not trying to seek a vacating an original judgment. He's trying to seek the affirmative relief of having his trial and having his remedy. So to say that there's a speedy trial issue on the one hand and saying that he waited too long to raise it is almost inconsistent. Is this exactly a speedy trial claim? I mean, this is not a criminal trial, so it's not a speedy trial claim, really. Well, I believe it is a speedy trial claim. Really? In the California law. Is that some due process, a procedural due process claim more generally? Well, again, I mean, I understand the words. There's different concepts that are employed, but essentially there is a due process claim to a speedy adjudication, and if we talk about it in that sense, it's really a speedy trial claim ultimately. He's seeking relief under the Federal Constitution for the undue delays in State court brought about by a number of factors. And that's part of the problem, is that we never have an adjudication in State court exactly what happened. Are these delays truly due to his acquiescence? It's a duty of not only the courts, but the prosecution and the defense counsel altogether. They all have a duty to have these cases adjudicated. And just because it's more convenient to continue it for two months, to do this, that, and the other, this man from the beginning was seeking a speedy adjudication. He talks about in the State petition itself that his counsel was in part at fault for that. It's recognized in the State court habeas decision itself. So from the beginning, he has gone beyond his counsel's representation and filed these pro per pleadings himself because he had no other remedy. And that, I think, is what the Federal courts are for. You understand. You've been primarily working about the alternative ruling that these procedures are usually barred. If we find the district court was correct in Younger abstention, we wouldn't get to that issue. That's true. That's true. And I would urge you not to do that, because I think certainly this is this case falls squarely within the cases that are cited in the opening brief where it's not seeking to enjoin ongoing proceedings because of alleged unfairness. It's seeking to actually have the State proceedings commence and to go forward. And I think for that reason, Younger really shouldn't apply to the situation at all. And I think it's true. How long has the delay been? Well, I think it was 2000 is when the SVP hold was placed upon him, as far as I recall from the briefs. And to my knowledge, it's been since that time that a number of different proceedings have taken place, but no trial. And it's been interrupted by lots of changes in California law, as I pointed out. And part of the prejudice that he has suffered is due to the many changes that would have allowed him possibly to prevail at an earlier time and have a trial closer to the time of his actual hold. Let me ask you a question on the Younger extension. I've read Brown and you've read Brown. It strikes me that you've got a real mountain to climb to show why the district court wasn't correct on Brown, or at least that we would have difficulty overruling the district court due to Brown. Do you have some strong position that you want to take? I read your brief, but I'm still thinking it's a tough question for you. Well, I can only say I think this case and those cases in which an appellant or habeas petitioner attempts to have the State courts go forward and to move forward to grant him relief at speedy trial under the jurisdiction, to proceed with a trial that's been delayed, distinguish this from the cases in which abstention has been justified. That's your answer to Brown? Yes. Okay. Thank you. I'll reserve my remaining two minutes, approximately. Thank you. May it please the Court, Michelle Swanson for Appellee. I disagree with Appellant's assertion that he sought immediate trial from the State courts or in his Federal petition. Rather, he raised a due process speedy trial claim asking for dismissal of the petition and immediate release from custody. Okay. As far as now said otherwise, is he disabled from doing that? He is not. He can go back and bring a State habeas petition and ask for immediate trial. So you think the problem is he hasn't exhausted that claim? Exactly. He's never asked. He's actually never sought to enforce his right to a speedy trial. He – what he is essentially making Is this a criminal prosecution? It's considered a civil proceeding. Right. So the whole speedy trial rubric is really misplaced. Well, I think the State could have various consequences. One of them is that Yangler applies with more force in the criminal area, and another is that Brown was in the context of a criminal trial. So I'm – this is just an ordinary due process claim, right? Ordinary, extraordinary, meaning he's been waiting around 13 years to – and meanwhile is incarcerated, right? Well, my understanding is that SVP committees, petitioners, can raise speedy – speedy trial claims on appeal. And so I don't see how Brown would be distinguishable on that ground. It seems to me that this case falls squarely within Brown, and is – and Braden is not controlling in this case for the same reasons it was not controlling in Brown. Coleman, for the first time in his reply brief, brought up this alternative claim of relief that he's just seeking immediate trial. But he can't raise a new claim in a reply brief at this stage. And so that's not – and he hasn't exhausted it. So – in the State courts. So that's problematic as well. Let me ask you this question. If the State will not bring Mr. Coleman to trial and has denied as untimely his petitions in the State courts, complaining about the delay, what avenue of relief does he have other than a Federal habeas petition? He can go back to State court. If he wants immediate trial, he can go back to State court and either request that during his, you know, proceedings on the SVP petition, or he can bring another State habeas petition if his attorney won't agree to do that. He can bring another pro per State habeas petition requesting immediate trial. Can he bring a successive habeas petition given the untimeliness ruling that's already been issued? Well, it would be – I would – I have not researched that question. I would – my instinct would be that it would not be successive because he would be raising a different claim of relief. It would be a different claim. Instead of seeking sort of a – Well, it wouldn't be – probably it would be successive, but when you have delay, it's a little difficult to say that it's all – when he complained five years ago about delay and he's complaining now about delay, it's a different delay, essentially. Well, I would also like to add that Judge Henderson actually, when he applied the Younger Extension Doctrine and dismissed the case, it was without prejudice for him bringing that again. So I would say that that would not bar a successive Federal habeas petition. And he also has relief in another way. When he is tried on the SVP petition, if he is found to be an SVP, he can appeal that and he can bring his speedy trial claim then on appeal. Oh, sure. But that's not really his immediate problem right now. His immediate problem right now is that he's in custody without any proceedings. Now – Well, he has not asked for immediate trial, though. I understand that, Your Honor. Yes. And then I just wanted to also make the point that in the record, you know, in the Superior Court's alternative ruling on the merits, it found that the delay was caused by Mr. Coleman's attorney making motions on the SVP petition. But we're now years later than that, right? How many more years since then are we? Well, he – in this Federal habeas petition, he is challenging the delay from August 2006 through – well, sometime August 2006, sometime through 2009. I can't remember if it was August 2009 or what. So he's challenging this 3-year delay. As far as we know, he hasn't been tried yet. I know he hasn't been tried yet. But is there a point to having you guys sit down with one of our mediators and see whether you can come up with a proposal to get this thing moving and preclude many more years of litigation over when it's going to be tried? Well, that is up to the Superior Court, the prosecutor, the district attorney's office, and Mr. Coleman's defense attorney in the SVP petition. That's where that should come from.  Excuse me? Your position is you couldn't mediate that because you have no role in it. Exactly. Could you suggest it? I mean, I don't – I mean, I spoke to the DA this morning. I don't know if you want me to speak to that or – no. Okay. So let's see. I guess the difference here is – let me just ask for your position. If he were asking for a – he was going to Federal court, having properly exhausted, and saying, I've been waiting 13 years and I haven't had a hearing, so the State court is – so all I want you to do is tell the State court to have this hearing because I'm being denied my due process rights to an adequate procedure and – or a speedy trial, whichever way you want to call it, would you argue that that was a younger problem, or are you telling us you're saying it's not a younger problem? If he were asking for immediate trial, that would appear – now, I haven't really researched it thoroughly under Braden. Are you arguing that Braden controls that? I would say that Braden would control that. He says, yes, you could do it. That the Federal court could order immediate trial if it found, on the merits, that he was – that there were circumstances that the State court violated his rights by denying that? Yes. But that's not the situation. If – again, I kind of would like to make a distinction here, and I think what it is is, here he is asking this court to determine that his right has been violated. His right to a speedy trial has been violated. And that issue cannot be assessed until after he's finally had the trial, and prejudice can be assessed, versus what Braden talked about, which is enforcement of the right, which is asking, I want my trial now. Give me my trial. And the State court is saying, no. Then the Federal court can intervene. Well, given what I think is the correct recognition on your part, then the problem here, ordinarily one would say, well, okay, let's go back to the district court and amend the complaint. Your problem, your issue, I gather, is an exhaustion issue. Yes. That's true. And even though Mr. Coleman filed his Federal petition in pro per, and all of his State Hades petitions in pro per, he has always asserted that he – the relief he is asking for is dismissal of the SVP petition against him and immediate release from custody. And he has never asserted, as far as we know on the record before us, he has never asserted or asked the State courts for immediate trial. And he would have to go back and do that. Well, do we know that he didn't, or we don't know that he did? Do we know? In other words, do we have the documents in which he asked for – I mean, I thought we had a rather sparse record here in terms of what was actually exhausted. Well, as far as – we have his State – we have his – we have the superior court petition in which it says that he's asking for – I mean, the – I'm sorry, the superior court opinion saying that he's asking for dismissal of the charges against him, and then we also have his Federal petition in which he says that's the claim he raised. He asked for dismissal in the State courts. And then his Federal claim is also asking for dismissal. And since it's your position – Go ahead. At any time has he asked in petition or otherwise to have a speedy trial, to have a trial right now? No. Not that I'm aware of. He just wants a ticket to get out of jail. Yes. And because he's asking for a dismissal and release, that would have the effect of precluding or enjoining a State civil commitment trial, which is what Younger prohibits. Yes. But if he were asking for the trial, that wouldn't come under Younger at all, or it would come with an exception to Younger? It would seem to me that that would be an exception to Younger under Braden now. Granted, I haven't fully researched that. But for – That's arguable. The absence of an appropriate State proceeding, essentially. Yes. That's arguable. But only if the State – if he attempted to invoke a State habeas. The State has to have first shot at this. If he says, I want immediate trial, they might say, let's go tomorrow, and he might get his relief. Until he asks for that, we don't know what's going to happen in the State court, and we can't – we can't tell the State court to do something no one's even asked it to do. Unless there are any further questions, I'm prepared to submit. Thank you. Okay. Thanks. I really don't think it's fair to suggest that because Mr. Coleman has been denied trial all these years, has objected to the continuances, that the mere fact that he says, I'm going to give him a trial, release me, that somehow that should deprive this court of jurisdiction or cause Younger to be invoked. But the point is – the point is the – there's nothing in the State court as near as I can tell from the arguments in which he's come to the State court and said, give me a trial. So we can't say the State court was wrong for not giving him a trial when he's never asked for it. The remedy for a lack of speedy trial is dismissal. If you don't have a speedy trial, that's what the remedy one asks for. There's no – there's no speedy trial that he's asked for. But he can't implement the trial while he's asked for a dismissal. That's a different question. It's the duty of the State. I mean, if he's asking for dismissal, and if you're now asking for dismissal, then it seems to me we do have a major Younger problem, because sooner or later he will presumably get heard in State court and be able to ask for his dismissal. But if he's asking for the trial, that's a different matter. But the question is, A, is he? B, can he, in terms of what he has so far litigated? He's been asking for the trial all this time. If you order a trial and don't give it to him, what's going to happen then? To whom has he been asking? Well, that it would be enforceable. But to whom has he been asking for the trial? He has been asking for the trial the entire time. That's what's covered clearly in the Federal habeas. His remedy, by not being given a speedy trial, which was the duty. In the Federal habeas record, we have instances in which he specifically asked for a trial. Well, that's part of the problem, too. The State court never held a hearing. They referred to docket sheets and ambiguous applications. What's the answer to my question? The record is not clear because the State court hasn't given us the opportunity to have that evidence. That's my answer to that. We don't know. All we know is the State court, the State statute. Did he allege that I asked the State court to give him my trial, and they didn't? Has he alleged that he specifically asked the State court for his trial, to have the trial? He has objected to the continuances of his trial. The State, he has no way to implement having a trial. All he can say is, I object to the continuances. They're continually granted by the courts at the acquiescence of defense counsel, the State court judge, and the prosecution. You're saying that by objecting to the continuances, he has in effect asked for the trial to proceed. Asking for dismissal also asks for the trial. But he was, what he's asking for is not, is to get out of jail. He wants a dismissal of the charge. Well, that's not true either because these can be refiled. There's nothing to bar. But as of now, as of now, at this point, with the record we've got before us. As of now, he's asking for a trial. And if that can't be granted to him by the State court. Trial to do what? What is he asking them to try and do? To find whether he's a sexually violent predator under California law. And go home. And if that. And go home, if it works. Well, he's already been prejudiced enough, frankly, that the lay has already prevented him from having a fair trial, in my view, due to the changes of the law and its inability to muster evidence after so many years of incarceration. To me, I think a trial at this point would not be the same thing as a trial would have been 10 years ago. So I don't think a trial at this point would even be a fair trial. Is this at all typical? You began by saying that you thought it was. Do we know why? Is that so? I'm sorry? Is this at all typical? It seems to be typical because there's case after case in which this is coming before the courts, both in the State and the Federal courts. There's got to be something about this SVP law that's causing these issues to come before the courts over and over again. And as I said in my introduction, I think it's a combination of many factors, including the problematic constitutionality of these statutes, the complexity of the procedures. There's litigation constantly on an issue that doesn't exist in mentally disordered offenders in California and other types of civil commitments. It all seems to be based on this SVP law. There's something about it that seems to be bringing itself before this Court and other courts over and over and over again. Whether or not that's pertinent to your decision, I don't know, but it doesn't seem to be just coincidence to me. Okay. Thank you both very much. Thank you very much. The case of Coleman v. Allen is submitted. We will go to Gonzales-Salazar v. Halter. Yes. Go ahead. Good morning, Your Honors. And may it please the Court. Good afternoon.
judges: Zouhary, Wallace, Berzon